UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James S. Leoni, Jr.,<br><br>    Plaintiff,<br><br> v.<br><br>Sec. Hillary R. Clinton; Sec. Janet Napolitano; U.S.A.,<br><br>    Defendants. | Case No. 12cv2084 AJB (DHB)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. No. 2] |

Plaintiff moves the Court for an order appointing counsel for him in this civil rights action alleging that Section 301(g) of the Immigration and Nationality Act of 1952 is unconstitutional. On August 23, 2012, Plaintiff filed a Request for Appointment of Counsel under the Civil Rights Act of 1964. (Doc. No. 2). The Court notes that Plaintiff's motion to appoint counsel indicates an employment discrimination action unrelated to his civil rights claim. Based upon Plaintiff's application and a review of the Complaint, the Court concludes that there is no basis for appointment of counsel.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Ct.,* 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v.*

1  *Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. Cnty. of King*, 883 F.2d 819, 823 (9th Cir. 1989).
2  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the
3  merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal
4  issues involved.' Neither of these issues is dispositive and both must be viewed together before
5  reaching a decision." *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

6  Here, this Court does not find that exceptional circumstances exist so as to justify an
7  appointment of counsel. Plaintiff has set forth the factual and legal basis for his claim in a
8  straightforward and intelligent manner with sufficient clarity to allow it to be addressed on the merits.
9  Plaintiff's legal claim, and the factual bases for his claim, is not so complex as to require the
10 appointment of counsel. Accordingly, the Court finds no "exceptional circumstances" requiring the
11 appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this time. Plaintiff's motion is **DENIED**
12 without prejudice.

13 IT IS SO ORDERED.

15 DATED:  September 7, 2012

16 _____
   Hon. Anthony J. Battaglia
17 U.S. District Judge